**Karen MARTIN, Plaintiff,**

v.

**Christopher SWIFT; Richard G. Kemp, Chief of Police; City of Royal Oak; and Lawrence M. Doyle, jointly and severally, Defendants.**

**Civ. A. No. 91–70086.**

United States District Court,
E.D. Michigan, S.D.

Jan. 27, 1992.

---

Leonard D. McMahon, Detroit, Mich., for plaintiff.

Cummings McClorey Davis & Acho by Michael E. Rosati, Livonia, Mich., for defendants.

MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS CITY OF ROYAL OAK, KEMP AND DOYLE AND DENYING MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT SWIFT

GADOLA, District Judge.

All four defendants filed one motion for summary judgment September 6, 1991, and

a supplemental brief in support September 20, 1991. Plaintiff filed her response October 4, 1991. No reply was filed. Oral argument was heard January 24, 1992.

## BACKGROUND FACTS

Plaintiff admits that she was smoking marijuana with her husband in a car in the parking lot of a nightclub. A Royal Oak police officer, defendant Swift, approached the car and asked plaintiff to step out of the car. Defendant Swift conducted a pat-down search of plaintiff. In her complaint plaintiff alleges that during the search, defendant Swift touched her breast inside her jacket, rubbed his hands on the inside of her thighs and touched her genital area. Plaintiff alleges liability pursuant to 42 U.S.C. § 1983 on the part of Officer Swift, the City of Royal Oak, and Police Chief Kemp because the pat-down search was conducted pursuant to the policy, custom and practice of allowing male police officers to conduct this type of search on female misdemeanants. Plaintiff's state law claims were dismissed in the court's January 26, 1991 order.

Plaintiff's other remaining claim is against the City of Royal Oak and its attorney, defendant Doyle, for conditioning plaintiff's plea agreement upon plaintiff's signing of a form in which she would agree to release and discharge the City of Royal Oak and its agents any and all claims which plaintiff may have against them arising out of the incident.

Plaintiff alleges that she made a plea agreement with defendant Doyle, who served as prosecuting attorney in the criminal case against plaintiff and her husband. Plaintiff further alleges that after she telephoned the Royal Oak Police Department to inquire about the procedure in filing a complaint because of the manner in which the pat-down was conducted, defendant Doyle reneged on the offer of dismissal by subsequently conditioning the agreement on plaintiff's signing a form that would release defendants from any civil liability which may be brought by plaintiff.

## STANDARD OF REVIEW

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." [Citation omitted]. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th Ed.1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do

more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249–50, 106 S.Ct. at 2511. (Citations omitted); *see Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

## ANALYSIS

### I. THE PAT–DOWN SEARCH

Defendant City of Royal Oak ("City") contends it is entitled to summary judgment regarding the 42 U.S.C. § 1983 claim based on two United States Supreme Court cases. In *Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), the Court determined that municipalities

can be sued directly under Section 1983 for monetary, declaratory or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.

With respect to liability created by the custom or policies of a municipality, the Court further stated that "although practices of state officials could well be so permanent and well settled as to constitute a custom or usage with the force of law," a municipality cannot be held liable solely because it employs a tortfeasor. *Id.* at 691, 98 S.Ct. at 2036.

A local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when the execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983.

*Id.* at 694, 98 S.Ct. at 2037.

In addition to holding that a municipality cannot be liable under the agency theory of *respondeat superior* for the actions of its employees, the Court further held that the official policy or custom must be the "moving force of the constitutional violation in order to establish the liability of a government body under Section 1983." *Id.* at 694, 98 S.Ct. at 2037. A municipality cannot be held liable unless it has created an "official policy which is the equivalent of an affirmative act causally related to the incident." *Id.* at 695, 98 S.Ct. at 2038.

In *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), the Court held that a single act of misconduct by a street officer was an insufficient basis upon which to impose liability against the municipality. The Court stated

Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise, the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation.

*Id.* 471 U.S. at 823–24, 105 S.Ct. at 2436.

■ During oral argument plaintiff challenged the City's practice of allowing male

police officers to conduct pat-down searches of females accused of misdemeanors. However, plaintiff has failed to present any evidence that such a policy is unconstitutional. Furthermore, there is no question that such a practice *would* pass constitutional muster. To find otherwise would require every police car to carry two officers, one male and one female, so that misdemeanants would be searched by officers of the same sex.

Plaintiff also alleges that the manner in which defendant Swift conducted the search deprived her of her constitutional rights. However, because plaintiff has failed to allege anything other than a single incident of unconstitutional activity, defendant City of Royal Oak is entitled to summary judgment. *Id.*

■ In a Section 1983 action against a supervisory official, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir.1984). Plaintiff has also failed to allege any direct, personal involvement of defendant Chief Kemp in the events recited in her complaint.

Although it is unclear from the pleadings, it appears that plaintiff's cause of action against Police Chief Kemp is based on the fact that as police chief he is responsible for the supervision, discipline and training of police personnel. However, the Court of Appeals for the Fourth Circuit has stated

· Generally, a failure to supervise gives rise to Section 1983 liability, however, only in those situations in which there is a history of widespread abuse. Only then may knowledge be imputed to the supervisory personnel. (Citations omitted.) A single act or isolated incidents are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability.

*Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir.1983). Again, in the instant action plaintiff has failed to plead any history of abuse during pat-down searches by Royal Oak police officers or a history of abuse by

defendant Swift. Therefore, defendant Kemp is entitled to summary judgment.

■ In their motion for summary judgment defendants also contend that defendant Swift is entitled to qualified immunity. The Supreme Court has held that when law enforcement officers act in an objectively reasonable manner, they will be entitled to qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Thus, the issue before the court is whether a reasonable officer would have acted similarly to defendant Swift during the pat-down search. In the instant action such a determination is an issue of genuine fact to be determined by the trier of fact, as plaintiff's and defendant Swift's deposition testimony of what happened during the pat-down are substantially and materially different.

## II. THE RELEASE–DISMISSAL AGREEMENT

■ Plaintiff's second claim is that the release-dismissal arrangement is a policy or custom practiced by the City of Royal Oak. Again, the holdings in *Monell* and *Tuttle* preclude liability on the part of the City of Royal Oak, as plaintiff has failed to plead any facts other than a single occurrence of the alleged wrongful conduct. Therefore, defendant City of Royal Oak is entitled to summary judgment on this issue as well.

■ During oral argument counsel alleged that the release-dismissal agreement violated plaintiff's right to free speech and right to file a complaint. However, counsel conceded that plaintiff never signed the agreement and that she has indeed filed the instant action. Thus, the court finds no violation of these rights.

In addition, the court feels compelled to point out that even if plaintiff had signed such an agreement, defendant Doyle would likely have absolute immunity from civil liability for such conduct. In *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor enjoys absolute immunity from suit pursuant to 42 U.S.C. § 1983 when he acts within the

scope of his prosecutorial duties. Also, the Court of Appeals for the Second Circuit has held that a district attorney is absolutely immune from liability for conditioning his decision not to prosecute upon execution of releases in favor of various police agencies and municipalities involved in alleged unlawful arrest and detention. *Schloss v. Bouse,* 876 F.2d 287 (2d Cir.1989).

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion for summary judgment as to defendants City of Royal Oak, Police Chief Kemp and Lawrence M. Doyle is GRANTED.

IT IS FURTHER ORDERED that the motion for summary judgment as to Officer Swift is DENIED.