1 F.3d 1232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cynthia Lynn Talman CALDWELL, Plaintiff-Appellant,
v.
Armand RUBBO; Virginia Beach Police Department,
Defendants-Appellees.
 No. 92-7177.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 21, 1993.
Decided: August 10, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CA-92-426)
 Laura L. Wagner, Richmond, Virginia, for Appellant.
 L. Steven Emmert, Assistant City Attorney, Virginia Beach, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Cynthia Lynn Talman Caldwell appeals from the district court's order granting summary judgment for the Defendants in her action under 42 U.S.C. Sec. 1983 (1988). We affirm.
 
 
 2
 Caldwell was arrested by local police on a capias warrant issued for a probation violation. She was arrested at approximately 10:15 p.m. at her home in Virginia Beach, Virginia. Her husband and children were present at the time of the arrest. When the police arrived to make the arrest Caldwell was showering. The officers waited in the living room for Caldwell to finish bathing. While there, they looked around the living room, kitchen, and a hallway, as well as into a fish tank, using their flashlight. After dressing, Caldwell was escorted to a police car. Before being placed in the car, she was subjected to a pat-down search by Officer Rubbo, a male. During this period Caldwell was not handcuffed or otherwise restrained.
 
 
 3
 Caldwell filed the present complaint under Sec. 1983 challenging the pat-down search and the search of her home. The Defendants moved to dismiss* and Caldwell responded. The district court denied relief and Caldwell filed a timely notice of appeal. On appeal, counsel was appointed for Caldwell and the case was formally briefed. Counsel for both parties moved to submit the case on the briefs. We granted that motion.
 
 
 4
 We review a grant of summary judgment de novo, applying the same standards applied by the district court. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).
 
 
 5
 Because Caldwell was arrested and taken into custody, a search of her person was permissible regardless of whether the officer felt that she posed a threat or was concealing contraband. United States v. Robinson, 414 U.S. 218, 236 (1973). Caldwell had no constitutional right to have the pat-down search performed by someone of her gender. Madyun v. Franzen, 704 F.2d 954, 956 (7th Cir.), cert. denied, 464 U.S. 996 (1983); Martin v. Swift, 781 F. Supp. 1250, 1253 (E.D. Mich. 1992) (there is "no question that [the pat-down search of a female arrestee by a male officer] would pass constitutional muster"); Bagley v. Watson, 579 F. Supp. 1099, 1103 (D. Or. 1983). Accordingly, we affirm the denial of relief on this claim.
 
 
 6
 The district court held that the search of Caldwell's home was proper as being incident to an arrest. See Maryland v. Buie, 494 U.S. 325 (1990). We conclude that the officers were lawfully in the living room pursuant to the warrant for Caldwell's arrest, and they did no more than observe what was in plain view from the living room. The fact that they used a flashlight did not render their actions unreasonable. See United States v. Dunn, 480 U.S. 294, 305 (1987). Accordingly, we affirm the denial of relief on this claim as well.
 
 
 7
 We dispense with oral argument at the request of the parties and because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Because Rubbo attached a copy of the capias to his motion to dismiss, the district court treated the motion as one for summary judgment under Fed. R. Civ. P. 56(c)